ESTATE OF THOMAS H. BLYTHE, DECEASED.

(THE LIVERPOOL BLYTHES OR "THE BLYTHE COMPANY CASE.")

Heirship.—The Evidence in this Case examined and held not to establish the claim of the Liverpool Blythes or "Blythe Company Claim."

H. P. McKoon, Jr., and Geo. W. Towle, for claimants, The Blythe Company.

COFFEY, J. It is impossible to believe that the legitimate kindred of the decedent are not before the court; the presumption of their presence is irresistible; who they are and which of them is next of kin is the question.

The next "collateral" case, so called, is that of the "Blythe Company," in behalf of the Liverpool claimants. This case was presented with ability and ingenuity, but there is in it a fatal failure to connect the Thomas H. Blythe of this city with the "Thomas Blyth," born of Alexander Blyth and Mary Weaver Blyth, and baptized in the Church of St. Nicholas, Liverpool, May 19, 1819; the testimony of the Liverpool witnesses shows that this "Tom Blyth," brother of James Blyth, baker, left there in 1838 and was never heard of afterward; one of them testifies in his deposition that in *1838* Tom promised that he would be in California before deponent; some of them testify that the Blythe they knew had a dark complexion, yet it is well established that Thomas H. Blythe

of San Francisco had a very fair complexion; some pretend that although half a century has elapsed they identify this Blythe from the "Pioneer" photograph; there is a failure to account for his whereabouts from 1838 to 1849; and the other items of evidence are entirely inadequate to identify the Liverpool Blyth with the decedent.

As Counsel S. W. Holladay said, there was but one man who could supply the place of Thomas H. Blythe; no two bodies in physical nature can occupy the same place; no two beings in physical nature are precisely alike, no two grains of sand the same, but character, conduct, mental attributes, distinguish persons who have physical likenesses.

The case of the Blythe Company does not present the characteristics of the real Thomas H. Blythe; it is out of line with his whole character and career, and there is a fatal hiatus from 1838 to 1849, which has not been supplied by the evidence.

### WRITTEN RECORD AS TO BLYTHE'S AGE, IN CHRONOLOGICAL ORDER.

Ist. Great Register for 1866.

On June 29, 1866, he gave his age as forty-three years.

This makes his birth year 1822, for he would not be forty-four until July 30, 1866, if July 30, 1822, be the correct birthday and birthyear.

2d. Petition of Blythe to California Lodge of Masons for membership.

This dated October 16, 1866, and in it he states his age as forty-three, the same as in his registration a few months ago.

But as he had passed his forty-fourth birthday, he slightly understated his age.

3d. In Safe Deposit agreement dated May, 1878, he gives his age as fifty-four.

Here again he slightly understates his age, for he was then fifty-five, his fifty-sixth birthday being some two months distant.

4th. Great Register for 1879.

July 8, 1879, he gives his age as fifty-six years.

Now, as his fifty-seventh birthday was yet some three weeks distant, he was exactly fifty-six, as stated.

5th. In letter to Florence, of date February 10, 1882, he says:

"My birthday is the 30th July, and on my next birthday I shall be sixty years of age." (Plaintiff's Exhibit 59, page 4.)

6th. In letter to Irish of May 21, 1882, he says:

"I shall be sixty years old 30 next July." (Plaintiff's Exhibits 225 and 225a.)

NOTE.—Thus we see that out of six writings we have four agreeing exactly, while two are but slightly out of the way. and these two are the least in importance and significance It is noteworthy that in registering he had to swear to his age, and that the two registrations agree with each other and with the two letters.

It is quite impossible, with such a record as this, to put Blythe's birthyear as *1819*—the year claimed by Blythe Company.

This case is not established.